UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HEATHER MAGRUDER,
on behalf of herself and all others similarly
situated,

    Plaintiff,

v.                                              Case No: 6:23-cv-382-WWB-EJK

BELLABU BEAR LLC,
a California Limited Liability Company,

    Defendant.
_____/

**DEFENDANT'S RESPONSE TO**
**ORDER TO SHOW CAUSE**

    Defendant BELLABU BEAR LLC ("Bellabu"), by and through undersigned counsel, hereby responds to the Court's March 8, 2023, Order to Show Cause for the basis of this Court's subject matter jurisdiction. For the reasons stated herein, this Court has jurisdiction both pursuant to 28 U.S.C. §§ 1331 & 1337. The Plaintiff, Mrs. HEATHER MAGRUDER brings a putative class action against Bellabu, ultimately seeking financial recovery for alleged violations of federal statutes which govern Bellabu's commercial venture. Specifically, Bellabu markets, sells and distributes apparel online and throughout the United States. The Plaintiff's claim relies on the application of

1

federal law across potentially hundreds or thousands of claims with implications for setting the standard for online apparel advertisements in interstate commerce.

## I. PLAINTIFF'S COMPLAINT PLEADS VIOLATIONS OF FEDERAL LAW

Plaintiff has pled three causes of action, all alleging that Bellabu has misled consumers, or otherwise engaged in deceptive practices, because of the alleged violations of the federal Textile Fiber Products Identification Act (the "TFPIA"), which regulates the manner in which textile manufactures and sellers must label and market textile products. (Compl., ¶¶ 17, 20, 29). Plaintiff further alleges that "[a]t all relevant times, Bellabu knew or should have known that its marketing practices violated the TFPIA and the implementing FTC regulations, which were incorporated expressly into FDUTPA." (Compl., ¶¶ 29, 50).

Plaintiff's Complaint seeks to represent "[a]ll persons who, in Florida, on or after four years preceding the filing of this Complaint, purchased from Bellabu, whether online, via any website, store, or other sale, any product labeled or otherwise described as "Bamboo," but was, in fact, made from rayon or other synthetic vicose (the "Class")." (Compl., ¶ 41). It should be noted that persons "who, in Florida" does not limit the Plaintiff's proposed class to only citizens of Florida. Thus, Plaintiff alleges that such Class would be composed

of "likely thousands" of purchasers that Bellabu allegedly "target[ed]" and that Bellabu generally engaged in "targeting the public" by marketing its products throughout the United States. (Compl., ¶ 45). Plaintiff additionally alleges that Bellabu's "targeting the public" occurred vis-à-vis its website and advertisements, publicly available throughout the United States, and Florida, in contradiction of federal regulations. (Compl., ¶¶ 2, 17, 18, 29, 30).

## ARGUMENT

### II. This Court has Subject Matter Jurisdiction Over the Action Now Pending Pursuant to 28 U.S.C. § 1337(a).

It is undisputable that Title 15 of the United States Code, regulates "Commerce and Trade." Therein, Congress has chosen to regulate the textile trade, under the Textile Fibers Products Identification Act ("TFPIA"). 15 U.S.C. § 70 *et seq*. Congress has also codified its intent that federal courts:

> [S]hall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints[. . .]

28 U.S.C.A. § 1337(a).

This unambiguous grant of original jurisdiction to district courts extends to claims arising under federal laws that regulate commerce, without regard to whether the federal law provides, in-of-itself, for a private right of action. *See e.g., Hardaway v. Syneron, Inc.*, No. 13-7054, 2013 WL 5612534, at *1 (D.C. Cir. Sept. 26, 2013) ("[b]y invoking the Federal Trade Commission Act, the

3

complaint presented a claim arising under an Act of Congress regulating commerce, over which the district court has original jurisdiction (*Citing* 28 U.S.C. § 1337)" regardless of the FTCA failing to expressly grant a private right of action.); *See also Puleo v. SMG Prop. Mgmt., Inc.*, No. 608-CV-86-ORL-22DAB, 2008 WL 3889727, at *1 (M.D. Fla. Aug. 20, 2008); *see also Western Union International v. Data Dev.*, 41 F.3d 1494 (11th Cir. 1995)(reversing district court's failure to find jurisdiction under 28 U.S.C. § 1337 where breach of contract claim turned on interpreting mandates of the Communications Act).

For this reason alone, and because Plaintiff's Complaint fairly raises the TFPIA, "an Act of Congress which regulates commerce" this Court is undoubtedly vested with original jurisdiction pursuant to 28 U.S.C. § 1337(a) to preside over the dispute now pending between Plaintiff and Bellabu.

### III. This Court has Subject Matter Jurisdiction Over the Action Now Pending Pursuant to 28 U.S.C. § 1331.

This Court has "original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim arises under federal law for purposes of 28 U.S.C. § 1331 is generally determined by the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392(1987); *See also Hill v. BellSouth Tel., Inc.*, 364 F.3d 1308, 1314 (11th

4

Cir. 2004) (cleaned up). A case "arises under federal law in two ways." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). "A case arise[es] under federal law within the meaning of § 1331 ... if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 689–90, (2006) (internal quotation marks omitted).

### a.   Plaintiff's Cause of Action Arises Under, and is Conditioned Upon, the TFPIA, a Federal Law.

While case-law is varied on whether a private-right of action is even a necessary condition to subject matter jurisdiction under 28 U.S.C. § 1331, one thing is consistent, a private right of action can be implicitly created by a federal statute, if the Court finds Congress' intent for such rights.  On the "face of the complaint" the Plaintiff has repeatedly alleged violations under TFPIA and the failure to comply with requirements promulgated through the Federal Trade Commission ("FTC"). (*See, e.g.,* Complaint at ¶¶ 6, 7, 17, 18, 19, 29, 49, 50, 51).  The Complaint goes so far to allege Bellabu "knew or should have known that the FTC prohibits marketing rayon textiles as bamboo." (*Id.*, ¶ 7, 29).

Plaintiff's Complaint assert rights "established by a Congressionally-created [. . .] implied private remedy for violations of a federal statute." *City of*

5

*Huntsville v. City of Madison,* 24 F.3d 169, 171–72 (11th Cir. 1994). In evaluating whether TFPIA provides for an "implied private remedy" requires the Court's focus on "the critical factor in determining the scope of rights and remedies under a federal statute ... the congressional intent behind the particular provision at issue." *Empire,* 547 U.S. at 694–95.

The Textile Fiber Products Identification Act prohibits the misbranding or false or deceptive advertising of textile fiber products. 15 U.S.C. §70(a)(c); *See also Toddy Gear, Inc. v. Navarre Corporation*, WL 4271431 at 2 (Aug. 26, 2014). While enforcement of TFPIA's standards is generally reserved for the Federal Trade Commission (*See, e.g.*, §70e(a) *et seq.*), the TFPIA does not preclude a private-right of action for recovery, rather the TFPIA expressly provides that it "shall be held in addition to, and not in substitution for or limitation of, the provisions of any other Act of the United States." (*See* §70k). Additionally, the TFPIA provides exclusive remedies for enforcement of standards thereunder to the FTC, but it does not preclude a private right to seek recovery for injuries. To the contrary, §70k and *Toddy Gear* illustrate the permissible distinction between enforcement and recovery. While Congress has reserved enforcement of the statute to a federal agency, it did not preclude private rights of action for monetary relief.

For example, the TFPIA is codified at Chapter 2 of Title 15, 'Commerce and Trade.' Twenty chapters later, of the same Title 15, is the 'Lanham Act'

6

15 U.S.C. § 1125 *et seq.*, which is an example of "any other Act of the United States" by which litigants have sought recovery resulting from violations of TFPIA. In *Toddy Gear*, the Court held "the text of the two federal statutes [TFPIA and the Lanham Act] make clear that the FTC's regulations of textile fiber product labels does not bar private parties from asserting an unfair competition claim under the Lanham act [. . .] on a legal theory that the alleged conduct also violates the Textile Fiber Products Identification Act." *Toddy Gear*, at 2. This is because while the TFPIA does not expressly state a litigant may bring a private-right of action for recovery, §70k is illustrative of a "Congressionally-created [. . .] implied private remedy for violations of [TFPIA]." *City of Huntsville,* 24 F.3d 169, 171–72 (11th Cir. 1994).

While *Toddy* is distinguishable from this case, the "critical factor" is the "congressional intent" in enacting the TFPIA which illustrates an intent that parties be permitted to seek relief for violations thereof. *Empire,* 547 U.S. at 694–95. The statutory structure of TFPIA expressly and impliedly establishes Congress' intent to permit litigants to seek relief for violations of the TFPIA in federal court. Accordingly, this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C § 1331, to preside over claims arising from a federal statute.

4865-9814-1526.6

### b. TFPIA Controls the Outcome of Plaintiff's Claim.

Even if the Court were to find that there is not a private right of action under the TFPIA, it would not dispose of this Court's jurisdiction under § 1331 because the application of TFPIA controls Plaintiff's entitlement to recovery. "The Supreme Court has interpreted Section 1331 such that a cause of action need not necessarily be created by federal law in order to arise under federal law. Instead, state-created causes of action can arise under federal law when the potential state court plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Hudson Ins. Co. v. Am. Elec. Corp.*, 957 F.2d 826, 829 (11th Cir. 1992) (internal citations and quotations omitted).

In *Hill v. Bellsouth*, the Plaintiff (Hill) brought state-law claims generally alleging defendant had engaged in misleading consumers. 364 F.3d 1308, 1311 (11th Cir. 2004). The complaint was originally filed in Georgia State Court and the claims were asserted under Georgia's version of FDUTPA: the Georgia Unfair Trade Practices Act ("GUTPA"). *Id.* at 1312. Defendant removed to the District Court on the grounds that state-law causes of action raised federal questions because either (1) they were completely preempted by the FCA (a federal statute); or (2) raised substantial questions of federal law. *Id.* Hill filed a motion for remand. *Id.* The district granted the remand and the Eleventh Circuit reversed. *Id.*

The Eleventh Circuit explained, that if "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, federal question jurisdiction may nevertheless attach to the state-law claim." *Id*. at 1314 (internal citations omitted). Bellsouth argued, and the Court ultimately agreed, that in order to resolve the GUTPA claim – that Bellsouth engaged in unfair practices and "misrepresentations"– the Court would need to evaluate and interpret whether Bellsouth complied with federal law.

The crux of Hill's argument was that under GUTPA, Bellsouth's charges were in excess of federal requirements (not in accord with federal standards) and therefore misleading when represented to the customers as "Federal Universal Service Charge" on their phone bills. *Id*. The Court held "[w]e conclude that federal question jurisdiction should have attached to Hill's two remaining state-law causes of action because they implicated the filed rate doctrine." *Id* 1315.

As in *Hill*, the Complaint here alleges that Bellabu failed to comply with federal standards under TFPIA– and therefore it is liable under FDUTPA. While the contours of the TFPIA, and interpretive case law, may be different than USF (and the "filed rate doctrine" associated therewith) the jurisdictional analysis is the same. The Plaintiff here and in *Hill* both brought actions under state statutes (FDUTPA and the Georgia corollary GUTPA) alleging liability

9

for failure to comply with a federal standard, as the basis for alleged "misrepresentations" to the consumer.

The complaint in *Hill* (just as the complaint in this case) compelled the parties to litigate the parameters of federal law, the meaning of the federal law and the extent and scope of liability under the federal law. Thus, the Eleventh Circuit reversed the district court's remand and concluded that "federal question jurisdiction should have attached to Hill's remaining state-law causes of action." So too should it attach to the FDUTPA claims brought against Bellabu. This is because even "[w]here federal law does not expressly create a private right of action, courts look to the face of a plaintiff's well-pleaded complaint to determine whether federal-question jurisdiction is appropriate." *Mitchell v. Bank of America*, Case No. 6:09-cv-2131-Orl-31GJK, WL 3340486 at 2 (M.D. Fla. Aug. 25, 2010) (*Citing Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 9 (2013).

    **c.    FDUTPA Claims that are Contingent Upon Interpreting a Federal Statute are Commonly Litigated in Florida District Court.**

In *Adams v. Kraft Heinz Company*, the Middle District of Florida dealt with a similar issue. 2022 WL 18776273 (January 9, 2022). In *Adams*, the Plaintiff asserted claims under FDUTPA, seeking to certify a consumer fraud muti-state class in district court. *Id.* at 1. The gravamen of Plaintiffs' claims was that federal regulation governing "flavor labeling" had been violated by

10

the Defendant, due to Defendant's false and deceptive advertisements of its products' flavor. *Id*. at 2. Defendant argued, and the Court agreed, that Plaintiff could not bring a private right of action under the federal regulation at issue in that case (21 C.F.R. § 101.22). *Id*. at 4. However, because "FDUPTA contains a safe-harbor provision that renders the statute inapplicable to "[a]n act or practice required or specifically permitted by federal or state law" (*See* § 501.212(1), *Fla. Stat*.) where a Defendant's alleged violations under FDUTPA are permitted by federal law, the federal law controls the viability of the claim. *Id*; *See also Brett v. Toyota Motor Sales*, 2008 WL 4329876 (M.D. Fla).

In this case, as a single example, the Complaint alleges that because the actual textile materials are not disclosed *until* "the very bottom of the list" on Bellabu's website, that Bellabu has engaged in an unfair and deceptive practice. (Compl., ¶ 25). Yet, the TFPIA provides that advertisement of textiles is not deceptive, if:

> the same information as that required to be shown on the stamp, tag, label, or identification under (b)(1) and (2) is contained in the <u>heading, body, or other part of such written advertisement</u>, except that the percentages of the fiber present in the textile fiber need not be stated.

15 U.S.C. §70b(c) (emphases added).

There is no requirement under TFPIA that Bellabu's disclosures come in the heading, body, or any other particular place, only that they are disclosed in writing to the consumer in some "part" of the written advertisement. Under

11

Plaintiff's FDUTPA claim, § 501.212(1), dictates that a determination that Bellabu has complied with TFPIA will preclude Plaintiff's recovery, for the same reasons this Court articulated in *Adams* and *Brett*. Thus, because a "state court plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law" (i.e., whether Bellabu has violated the TFPIA, or alternatively whether its conduct is permitted by the TFPIA) jurisdiction is proper in federal court. *Hudson Ins. Co. v. Am. Elec. Corp.*, 957 F.2d 826, 829 (11th Cir. 1992) (internal citations and quotations omitted).

### d.  A Substantial Federal Question Has Been Sufficiently Presented on the Facts of this Case that the Court has Subject Matter Jurisdiction Under 28 U.S.C. § 1331.

In *Damaso v. Costco Wholesale Corp.*, the Court was faced with a motion to remand a case involving a FDUTPA claim based on an allegation that Costco mislabeled underwear in violation of the TFPIA. No. 219CV574FTM38NPM, 2019 WL 13259733, at *1 (M.D. Fla. Oct. 22, 2019). There, the parties argued incorrectly, that the *Grable* analysis should be applied. The analysis under *Grable* is only appropriate where "pure state-law claims" arise under federal law, as opposed to jurisdiction predicated on "federal question" jurisdiction, as was applied in *Hill*. (*See e.g.*, *Mitchell v. Bank of America*, Case No. 6:09-cv-2131-Orl-31GJK, WL 3340486 (M.D. Fla. Aug. 25, 2010)(foregoing *Grable* analysis and finding jurisdiction pursuant to 28 U.S.C. § 1331 where Plaintiffs'

12

right to relief necessarily depended on whether there was a violation of the Fair Debt Collection Practices Act.)

Here, for the reasons discussed above – and apparent on the face of the Complaint – Bellabu's liability turns on the interpretation and application of the TFPIA.  Therefore, like *Hill*, the Plaintiff's claim under FDUTPA cannot be said to be a "pure state-law claim" because it is predicated on proving a violation of <u>federal</u> law as a condition precedent to Plaintiff's recovery. Nonetheless, even if the *Grable* analysis were applied here, for the reasons articulated by the District Court in *Damaso*, the facts of this case mandate a different result than the Court reached in *Damaso*.

In *Damaso*, the Court found that the FDUTPA claim alleging violations of the TFPIA: (1) necessarily raised federal issues; and (2) was actually disputed. *Id.* at 2 (*Citing Grable*, 545 U.S. at 314).  The analysis here should be no different based upon the allegations of the Complaint.  However, the facts under *Damaso* and this case diverge on the "substantiality" analysis. First, according to the Plaintiff, this case implicates a class of "likely thousands" (Compl., ¶44 ), not just a single litigant.  Second, the federal law is not collateral, but will settle the dispute – and likely govern the conduct of commercial enterprises engaged in the online advertisement of apparel throughout the United States.

13

Third, significant threshold questions of federal law abound, including whether the TFPIA precludes Plaintiff's recovery altogether as discussed *supra* and illustrated by *Adams* and *Brett*. Even if it does not, Plaintiff's claim necessarily relies upon the application of TFPIA and that is sufficient for the exercise of federal jurisdiction. (*See., e.g., Handy Land & Timber LLP v. Transcontinental Gas Pipe Line Co.*, 762 Fed.Appx 810, 812-813 (11th Cir. 2019) (affirming district court's denial of remand, applying *Grable* analysis (but citing to *Gunn*) and finding that "[t]o recover on its state tort claims, [Plaintiff] must demonstrate that [Defendant] wrongfully removed trees from the easement – which would require [Plaintiff] to show that the FERC Certificate did not authorize removal. A court deciding [Plaintiff's] claims must necessarily interpret the language of the federally granted FERC certification."). Here, Plaintiff's claims rest upon the interpretation and application of a federal statute, the TFPIA, with far broader implications and impacts than any one litigant and case.

Accordingly, this Court has subject matter jurisdiction over the foregoing case now pending, pursuant to 28 U.S.C. § 1331.

## IV. CONCLUSION

For the foregoing reasons undersigned counsel respectfully requests that this Court find Bellabu has sufficiently carried its burden, as the removing party, to set-forth the basis for this Court's subject matter jurisdiction.

14

Dated March 14, 2023

Respectfully Submitted,

**FOLEY & LARDNER LLP**

By: */s/ Wesley J. Martinez*
301 E Pine St., Suite 1200
Orlando, FL 32801
Tel: (407) 236-5871
Facsimile: (407) 678-1743
KEVIN A. RECK
Florida Bar No. 505552
WESLEY MARTINEZ
Florida Bar No. 1013924
Email: wmartinez@foley.com;
kreck@foley.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on March 14, 2023, a copy of the foregoing was served via e-mail to all counsel of record included on the Service List of this action in state court:

Jason Zimmerman, Esq.
Jeff Aaron, Esq.
GrayRobinson P.A.
301 E. Pine Street, Suite 1400
Post Office Box 3068
Orlando, FL 32802-30689
Primary Emails: jason.zimmer@gray-robinson.com;
jeff.aaron@gray-robinson.com
Secondary Email: downs.litigation@gray-robinson.com

*/s/ Wesley J. Martinez*
Wesley J. Martinez